### AUGUSTUS T. PERKINS *vs.* NATHAN CROCKER & others.

At a meeting called to consider whether a town would reëstablish the school district system and choose the officers required in that event, it voted to reëstablish the system and appointed a prudential committee man for each former school district. *Held*, that this was a sufficient reëstablishment under the St. of 1870, c. 196, of the former school districts, which had been abolished by the St. of 1869, c. 110.

TORT against Nathan Crocker, Samuel Snow and Andrew Lovell, the assessors of the town of Barnstable, to recover back a tax assessed upon the plaintiff as an inhabitant of a school district, and paid by him under protest. At the trial in the superior court, before *Pitman*, J., it was admitted that the town was divided into school districts before the passage of the St. of 1869, c. 110; that these districts were abolished by that statute; that if the districts had been reëstablished under the provisions of the St. of 1870, c. 196, the tax was legally assessed; and that whether the district was established depended upon the doings of the town, shown by its records as follows:

" A meeting of the legal voters of the town of Barnstable was held at their town house on June 11, 1870. The second article in the warrant for said meeting was ' to know what action the town will take in regard to reëstablishing the school district system in town, under the law recently passed by the legislature, and to choose any officers that may be required in case the town votes to return to the district system, and do and act on all matter necessary under said law.' Under this article it was voted ' that

the second article in the warrant be divided, and that the first section thereof be first acted upon.' After earnest discussion it was voted ' that the question of returning to the school district system be taken by yeas and nays, those in favor of reëstablishing the school district system to vote Yes, those opposed to vote No.' This was done, and the following was the result: Yes, 129; No, 51. It was also voted ' that a committee of one from each school district be appointed by the moderator to retire and report a prudential committee man for each school district in town.' This was done, and they submitted a report, which was accepted.

" On September 6, 1870, a town meeting was held in pursuance of a warrant, one of the articles of which was ' to know what action the town will take in the matter of reëstablishing the school district lines as they existed March 23, 1869, or establish other lines, and do and act fully concerning the same.' At this meeting it was voted ' to reëstablish the school district lines in town, as they existed March 23, 1869.' "

A verdict was taken for the plaintiff by consent, and the case reported to this court; if it should be of opinion that the school districts were reëstablished by the action of the town as above set forth, then the verdict to be set aside and a new trial granted, otherwise judgment to be rendered on the verdict.

*D. W. Gooch,* for the defendants.

*G. A. King,* for the plaintiff.

AMES, J. The principal question in this case has recently been before us, in the case of *Sutton Manufacturing Co.* v. *Sutton,* 108 Mass. 106. We then held that under the St. of 1870, *c.* 196, a vote of a town to reëstablish " the school district system " was a sufficient reëstablishment of the former school districts. This case is perhaps stronger than that above cited, for the reason that the article in the warrant gave notice to the inhabitants of Barnstable that they were to act on the subject of reëstablishing the school district system in the town under this statute, and to choose such officers as might be required in case the town should vote to return to the district system. Under this article they might well proceed, as they did, to choose the prudential committees for each district.

The article in the warrant for the meeting in September was intended to bring up for consideration the question whether the district lines should be changed. The vote was merely, under the circumstances, a refusal to change them. It could not impair or annul the effect of the previous vote.

*Exceptions sustained.*